## Certo *v.* Spadaro, Appellant.

Argued November 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Pershing N. Calabro,* for appellant.

*Alexander Schamban,* for appellee.

OPINION BY BALDRIGE, P. J., December 12, 1946:

The plaintiff filed a bill in equity praying for dissolution of a partnership and an accounting. Defendant's answer denied that the plaintiff was entitled to the relief he sought. The chancellor filed an adjudication ordering the dissolution of the partnership and the payment by the defendant to the plaintiff the sum of $1148. Exceptions filed by the defendant were overruled by the court below and this appeal followed. The chancellor's findings of fact were based upon sufficient evidence and are therefore binding upon us: *Pehlert v. Neff*, 152 Pa. Superior Ct. 84, 31 A. 2d 446; *Serventi v. Galli et al.*, 347 Pa. 47, 31 A. 2d 715. He found the following pertinent facts: Under the agreement each of the parties was to contribute equal amounts toward the partnership enterprise, but that the plaintiff's contribution was $1618.40, and the defendant's was only $474.40. The former sum was spent in the installation of fixtures and equipment, which included a large refrigerator, tile work, plumbing, etc., all of which are in the building owned by defendant, located at 6452 Haverford Avenue, Philadelphia, where the partnership business was conducted.

There is some dispute as to when the partnership started, but the chancellor found it began business on or about December 19, 1944, and due to certain controversies the partners mutually agreed to dissolve on or about March 15, 1945, when they divided equally the merchandise and cash. The defendant retained possession of his premises and rented, including the fixtures and equipment paid for with money plaintiff contributed, to a third party at a rental of $20 a month more than he had received prior to the forming of the partnership.

The agreement of partnership, written in the Italian language, as translated, provided: "That in case that we separate, one partner takes all the business paying

one-half to the other, after estimating everything in the store." The record in this case is unsatisfactory, probably due to the lack of knowledge of our language by the parties to this suit.

It is apparent, and the chancellor so found, that equality between the parties under this agreement should prevail; that one party should neither give nor receive more than the other. That principle was recognized when the money and merchandise, by mutual agreement, were divided and the chancellor concluded that it should apply in a further accounting between these parties. The question arises as to the value of the fixtures and equipment retained by defendant. Neither their value, nor the extent of the profits, if any, was proved. The chancellor concluded that it would be a violation of the spirit of the agreement for the defendant not to be held accountable for the fair value of the fixtures and equipment, as he, the owner of the property, became possessed of them and the improvements made, all of which were paid for by money plaintiff contributed. That these expenditures were to his financial advantage was reflected in the increased rent obtained for the property after the dissolution of the partnership.

Is there any basis upon which a fair value of the fixtures and equipment could be determined? The record shows that several months previous to the termination of this partnership agreement, they cost in excess of $1600, including the labor of installation, which amounted to over $100. The testimony of the parties as to their value was not very definite. When asked what happened on the day they finally separated, plaintiff's reply was: "He [defendant] told me he has a lawyer for the money, he told me his lawyer knows everything about the money. I say give me what money I had put in the store." Defendant testified: "We were doing a good business, we were doing $200 a week. On Friday

we done $200, other days $150 more or less. After two weeks he says, 'I don't want to remain in this business any longer because it is too much work for me. Give me the money back which I invested in the business and I want to get out.' I says to him, 'I cannot return you all the money because I invested some money in this business also.' "

There was no evidence to support a finding that plaintiff was entitled to recover any profit. We think the chancellor was warranted in concluding that there was an agreement to reimburse the plaintiff for the amount he contributed toward the partnership; that the fixtures and equipment in such a short time had not been materially depreciated; and that there was sufficient evidence for him, as a finder of facts, to determine their value.

Decree of the court below is affirmed at appellant's costs.